

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*       *(503) 727-1000*
*Portland, OR  97204-2902*              *Fax: (503) 727-1117*

November 7, 2012

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

      Re:    *United States v. Corey James Smith*, 3:11-cr-00454-SI
             Plea Agreement Letter

Dear Counsel:

1.      **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges**:  Defendant agrees to plead guilty to Counts 2 and 3 of the Indictment, in which he is charged with transferring obscene material to a minor under the age of 16, in violation of Title 18, United States Code, Section 1470.

3.      **Penalties**:  The maximum sentence is 10 years' imprisonment, a three (3) year term of supervised release, a $250,000 fine, and a $100 statutory fee assessment, per count.  *Defendant will also be required to register as a sex offender as set forth more fully in paragraph 4, below.*  Defendant agrees to pay the $200 fee assessments by the change of plea hearing or explain to the Court why this cannot be done.

4.      **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student.  Defendant understands that he must update his registration not later than three (3) business days following any change of name, residence, employment, or student status.  Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5.      **Dismissal/No Prosecution**: In exchange for defendant's plea to Counts 2 and 3 under the terms of this agreement, the USAO agrees to dismiss Count 1 of the indictment.  Defendant is

Revised 02/03/10

Thomas J. Hester
Re: Corey James Smith Plea Letter
Page 2

charged in Count 1 with enticement of a minor, in violation of Title 18, United States Code, Section 2422(b), which carries a ten (10) year mandatory minimum sentence, and up to life imprisonment. The government further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**: The parties agree that defendant's relevant conduct includes the facts set forth below:

Beginning no later than September 2007, and continuing until at least May 24, 2010, defendant communicated over the internet and through interstate telephone calls with a minor, S.G. Their internet communications included email, online voice chats, and online text messages. Throughout this time, defendant lived in Florida, and S.G. lived in Oregon. When they began communicating, S.G. was 12 years old, and defendant was 20. By May 2010, S.G. was 15 years old and defendant was 24.

In December 2007, defendant sent S.G. a sapphire and platinum "engagement" ring. In numerous communications over the next two and a half years, defendant told S.G. that he loved her, that he wanted to marry her, and that he wanted to have sex with her when they met. S.G. sent defendant photographs of herself, including topless photographs, and defendant sent S.G. photographs of himself with closeups of his erect penis. Defendant frequently referred to S.G. as his wife and told her that she was beautiful. Defendant and S.G. also regularly engaged in graphic "cyber sex" in chats over the internet.

Defendant told S.G. in 2008 that he had traveled to Beaverton and attempted to meet her, but he could not find her. S.G. had moved to another part of Oregon shortly beforehand. However, defendant later told law enforcement that he had lied and never did travel to Oregon. In 2010, defendant repeatedly told S.G. that he was going to travel to Oregon to see S.G., even if he had to walk there. Defendant in fact researched various methods of traveling to Oregon about that same time, and admitted to law enforcement that he did intend to travel to Oregon in the summer of 2010. S.G. had also packed her bags earlier in the year and told her father that she was going to prostitute herself to make her way to Florida to be with defendant.

Defendant admitted to law enforcement that he sent photos of his erect penis over the internet to S.G. on at least three occasions. Law enforcement recovered an email from October 22, 2007, and two emails from December 15, 2007, all when S.G. was 12 years old, in which

Thomas J. Hester
Re: Corey James Smith Plea Letter
Page 3

defendant sent S.G. photographs with closeups of his erect penis. Law enforcement also recovered an email from March 31, 2010 that contained close up photographs of defendant's erect penis that he sent to S.G., and a Yahoo! chat from February 11, 2010 in which defendant and S.G. discussed defendant sending S.G. a photograph of his penis. Law enforcement further found a file on S.G.'s computer that was created that same day, February 11, 2010. The file contained a photograph of an erect penis, which according to metadata on the photograph and other photographs in evidence was taken on defendant's camera the same day the file was created on S.G.'s computer. S.G. was 15 years old when defendant sent her the photographs of his erect penis in February and March 2010.

Defendant admitted that S.G. looked approximately 14 years old in her photographs, and although he claimed he thought she was over 18, the internet communications establish that even in 2010 defendant knew S.G. was a minor. Moreover, S.G.'s father would testify that he told defendant in March 2008 that S.G. was only 13 years old.

8.  **Sentencing Guidelines**: The parties agree that the advisory sentencing guidelines should be computed as follows:

| | | |
|---|---|---|
| Base Offense Level [2G3.1(a)] | -- | 10 |
| Distribution to a Minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered by 2G3.1(b)(1)(E) [2G3.1(b)(1)(D)] | -- | +6 |
| Offense involved Use of a Computer [2G3.1(b)((3)] | -- | +2 |
| Defendant knew or should have known that the minor was a vulnerable victim (for reasons in addition to her age) [3A1.1(b)(1)] | -- | +2 |
| **Adjusted offense level** | -- | **20** |

The parties have not reached an agreement concerning defendant's Criminal History Category, and therefore do not have an agreement as to the final advisory sentencing guideline range.

9.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as

Revised 02/03/10

Thomas J. Hester
Re: Corey James Smith Plea Letter
Page 4

explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.     **Government's recommendation**: If defendant continues to demonstrate an acceptance of responsibility as described in paragraph 9 above, the government will limit its sentencing recommendation to the high end of the guideline range determined to be applicable by the Court, to be followed by three (3) years of supervised release.

11.     **Additional Departures, Adjustments, or Variances**:

        A.     Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court, and understands that the government reserves its right to oppose such a request.

        B.     Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

12.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Thomas J. Hester
Re: Corey James Smith Plea Letter
Page 5


14.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16.     **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. This plea offer expires at 12:00 p.m. on Monday, November 12, 2012 (notwithstanding the federal holiday).

Sincerely,

S. AMANDA MARSHALL
United States Attorney

/s/ *Jane Shoemaker*
JANE SHOEMAKER
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

11/27/12                                                     [signature]
Date                                                         Defendant COREY JAMES SMITH

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/27/12                                                     [signature]
Date                                                         THOMAS J. HESTER
                                                             Assistant Federal Public Defender
                                                             Attorney for Defendant

Revised 02/03/10